UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL L. WALKER,<br><br>                Petitioner,<br><br>        v.<br><br>JUSTIN A. KUEHN,<br><br>                Respondent. | Case No. 4:18-cr-40087-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on a motion to Compel Counsel to Produce Client File (Doc. 72). The Petitioner submitted the motion on September 29, 2023. The Petitioner seeks a court order requiring his attorney to produce the entirety of his client file. Because the Petitioner has not presented any evidence that his attorney has refused to hand over his client file, nor shown that he has exhausted administrative remedies, the issue is not ripe. Therefore, the Court **DENIES** the motion.

On May 29, 2019, the Petitioner in this case, Randall Walker, pled guilty to two counts: Distribution of Methamphetamine and Unlawful Possession of a Firearm by a Felon. (Doc. 29). Attorney Justin Kuehn was appointed to represent Walker on December 6, 2018. (Doc. 18, 19). On July 28, 2020, Walker was sentenced to 230 months on Count 1 and 120 months on Count 2, to be served concurrently. (Doc. 56). Walker has since moved this Court for free copies, (Doc. 64), and appointment of counsel, (Doc. 65, 67), all of which were denied (Doc. 66, 68). On September 29, 2023, Walker moved the Court to compel his former attorney—Justin A. Kuehn—to produce his client file. (Doc. 72).

A federal court's jurisdiction is limited to cases and controversies. U.S. CONST. Art III § 2. Federal Courts do not have jurisdiction over premature claims—claims that are not "ripe." A case is not ripe when the claims it presents are "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). When determining ripeness, courts analyze "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967) (superseded by statute on other grounds). Federal courts presume a lack of jurisdiction unless the claimant or the record indicates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (quoting *King Bridge Co. v. Otoe County*, 120 U.S. 225, 226 (1887)). The party seeking judicial intervention bears the burden of showing ripeness. *See Warth v. Seldin*, 422 U.S. 490, 518 (1975). Consequently, if a petitioner fails to clearly allege facts indicating sufficient injury, or the record is either unclear or inadequate for effective review, the petitioner has failed to meet their burden showing ripeness and a federal court lacks jurisdiction.

Here, the Petitioner seeks his client file. There is no dispute that a criminal defendant is entitled to most, but not all, of the contents of their client file. However, the Petitioner's allegations and the record are insufficient to establish jurisdiction. The form dedicates only one sentence to the facts, (Doc. 72), with no supporting documents or supplemental allegations. The Petitioner has provided no information on the content, number, or timing of these requests; nor information on whether the Respondent replied nor information on administrative remedies the Petitioner took prior to filing. Even assuming the Petitioner's statement of fact is true, neither the allegations nor the record is sufficient for ripeness.

**CONCLUSION**

As the Petitioner has failed to allege sufficient facts indicating this claim is ripe and the record is inadequate, the Petitioner has failed to meet their burden; consequently, the presumption against exercising federal jurisdiction governs. Given the Court sees no severe hardship in withholding consideration at this time, the Court **DENIES** Walker's motion.

**IT IS SO ORDERED.**
**DATED:  October 11, 2023**

                                                  *s/ J. Phil Gilbert*
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**