UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

RANDALL L. WALKER,

        Defendant.

Case No. 18-cr-40087-JPG-1

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on Defendant Randall Walker's *pro se* motion to remove the purity level enhancement in United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 from his sentence (Doc. 87). Defendant pled guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced to a total of 230 months in prison. His sentence was subsequently reduced to 210 months pursuant to 18 U.S.C. § 3582 Amendment 821. Now, he asks this Court to modify his sentence due to "the change of the laws on the purity levels of methamphetamine to be no longer valid" which makes "2D1.1 . . . no longer appliable in federal laws."

This Court does not have inherent authority to modify a sentence. *See United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). 18 U.S.C. § 3582(c) provides three narrow exceptions: (1) upon a motion by the Director of the Bureau of Prisons or by the defendant for compassionate release, (2) as expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Here, none

of the exceptions apply. Defendant does not seek a compassionate release,[1] nor does he seek

relief under a particular statute or Rule 35. In addition, he was not sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered.

Contrary to Defendant's contention, U.S.S.G. § 2D1.1 is still applicable in federal

sentencing. *See e.g.*, U.S.S.G. § 2D1.1 (2025). Defendant was sentenced under the 2018

Guideline Manual. At sentencing, the Court adopted the presentence investigation report's

relevant conduct finding that Defendant distributed approximately 70.64 grams of ice, *see* PSR ¶

28, which yielded a base level offense of 30. Under the 2024 Guideline Manual,[2] that relevant

conduct finding would still constitute a base level offense of 30. *See* U.S.S.G. § 2D1.1(c)(5)

(2024). And given that Defendant's offense level was increased 4 points—2 points under

U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and 2 points under U.S.S.G. §

3C1.1 for attempting to escape from jail while in custody for the offense—to a total offense level

of 34 and Defendant had a criminal history category of IV, his sentencing guideline range would

still be 210 to 240 months.[3] *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A (2024). His sentence of

210 months is within that guideline range. Therefore, the Court DENIES Defendant Randall

Walker's *pro se* motion to remove the purity level enhancement in U.S.S.G. § 2D1.1 from his

sentence (Doc. 87).


**IT IS SO ORDERED.**

---

[1] Defendant filed a motion for compassionate release on April 7, 2025. That motion is still pending.
[2] The 2024 Guidelines were applicable on March 4, 2025, when Defendant filed his motion. The Court notes that, under the 2025 Guidelines, effective November 1, 2025, the result would be the same.
[3] At sentencing, Defendant's criminal history category was determined to be V, yielding a guideline range of 235 to 240 months. He was sentenced to 230 months. On December 28, 2023, Defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582 Amendment 821. The Court found that the amendment lowered his criminal history category to IV, making his amended guideline sentencing range 210 to 240 months. It reduced his sentence to 210 months.

**DATED**:  **December 17, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**